CV 13 - 1533

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NEW YORK

SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★ MAR 21 2013 ★

BROOKLYN OFFICE

AMON, CH.J.
REYES, M.J

| | |
|---|---|
| YVONNE M. JENKINS-MILES,<br><br>    Plaintiff,<br><br>    v.<br><br>GC SERVICES, LP,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No.:<br>)<br>) **COMPLAINT AND DEMAND FOR**<br>) **JURY TRIAL**<br>)<br>) **(Unlawful Debt Collection Practices)**<br>)<br>) |

YVONNE  M.  JENKINS-MILES,  ("Plaintiff"),  by  her  attorneys,  KIMMEL  &

SILVERMAN, P.C., alleges the following against GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227

*et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states

that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original

jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the State of New York, and as such, personal

jurisdiction is established.

PLAINTIFF'S COMPLAINT

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.      Plaintiff is a natural person residing in Jamaica, New York.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a national debt collection company with its corporate headquarters located at 6330 Gulfton Drive, Houston, TX 70081.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.     At all relevant times, Defendant contacted Plaintiff in its attempts to collect a consumer debt of another person, upon information and belief, related to a student loan.

11.     Upon information and belief, the alleged debt at issue arose out of transactions which were allegedly for personal, family, or household purposes.

12.     Between February 2012 and April 2012, Defendant placed continuous and repetitive harassing telephone calls to Plaintiff's home telephone in its attempts to collect on a debt that Plaintiff did not owe.

13.     Plaintiff does not owe the debt that Defendant was attempting to collect.

14.     Plaintiff does not have a business relationship with Defendant and has not had prior dealings with Defendant.

15.     Plaintiff regularly received collection calls from: (800) 756-6524, which the

PLAINTIFF'S COMPLAINT

undersigned has confirmed is a telephone number belonging to Defendant.

16.     Defendant called Plaintiff, on average, more than twice a day in its attempts to collect the alleged debt.

17.     During its collection calls to Plaintiff, Defendant told Plaintiff that it was attempting to collect a debt from "Yvonne Jenkins" from the Bronx, with a birth year of 1967.

18.     Plaintiff told Defendant that she was not the person they were looking for, that her birth year was 1955, and that she lived in Queens, not the Bronx.

19.     Reluctantly, Plaintiff provided Defendant with personal information that she has no student loans and that she does not owe the debt.   However, despite this information which clearly revealed that Defendant was communicating with someone other than the debt it sought, Defendant continued to call demanding payment of the subject debt.

20.     Defendant was aware Plaintiff did not owe this debt, meaning that continued pursuit of this debt from Plaintiff had no lawful basis and could only be for the purpose of harassing her.

21.     One of Defendant's female collectors was rude, dismissive, and sarcastic by doubting the information communicated, in stating: "you know you [are the right] Yvonne Jenkins [sic]" implying that she was being untruthful and owed the subject debt.

22.     Defendant was also deceptive, in that its collectors routinely failed to identify themselves or state that they were debt collectors when speaking with Plaintiff.

23.     Further, upon information and belief, during this time, Defendant's calls including the employment of a pre-recorded or automated message.

PLAINTIFF'S COMPLAINT

24.     Plaintiff was not the debtor and therefore did not expressly consent to Defendant's placement of telephone calls to her home telephone by the use of a pre-recorded or artificial voice prior to placement of the calls.

25.     Defendant's telephone calls were not placed for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

26.     Finally, Defendant failed to send Plaintiff written correspondence within five days of its initial contact with her advising her of her right to dispute the alleged debt and/or seek verification of the debt.

27.     Defendant's continuous and repeated calls to Plaintiff were made with the intention of annoying, abusing, harassing, and coercing payment from an individual Defendant knew or had reason to believe Plaintiff was not the debtor it sought to speak with.

28.     Defendant failed to investigate the information Plaintiff provided to collectors showing she was not the debtor sought, and instead, allowing collectors to continue to speak with Plaintiff as if she was the person who was being sought.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

29.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

30.     Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it called and harassed Plaintiff concerning a debt that she did not owe, when it pressured Plaintiff to pay a debt that was not hers, when it continued to contact Plaintiff even

4

PLAINTIFF'S COMPLAINT

after she told it that the subject debt was not hers, and when it engaged in other harassing or abusive conduct.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

31.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

32.     Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692e OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

33.     Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

34.     Defendant violated § 1692e of the FDCPA when it was deceptive and misleading when it attempted to collect a debt from Plaintiff that she did not owe, when its collectors did not identify themselves or the fact that they were debt collectors, and when it made other false, deceptive or misleading representations.

## COUNT IV
## DEFENDANT VIOLATED § 1692e(2)(A) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

35.     Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making the

5

PLAINTIFF'S COMPLAINT

1   false representation of the character, amount, or legal status of any debt.

2       36.    Defendant violated § 1692e(2)(A) when it attempted to collect a debt from

3   Plaintiff that she did not owe.

4

5

## COUNT V
### DEFENDANT VIOLATED § 1692e(10) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

6

7

8       37.    Section 1692e(10) of the FDCPA prohibits debt collectors from using any false

9   representation or deceptive means to collect or attempt to collect a debt.

10      38.    Defendant violated § 1692e(10) of the FDCPA when it was deceptive and

11  misleading when it attempted to collect a debt from Plaintiff that she did not owe, when its

12  collectors did not identify themselves or the fact that they were debt collectors, and when it made

13  other false, deceptive or misleading representations.

14

15

## COUNT VI
### DEFENDANT VIOLATED § 1692f OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

16

17      39.    Section 1692f of the FDCPA prohibits debt collectors from using unfair or

18  unconscionable means to collect a debt.

19      40.    Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and

20  continuously, when it called and harassed Plaintiff concerning a debt that she did not owe, when

21  it pressured Plaintiff to pay a debt that was not hers, when it continued to contact Plaintiff even

22  after she told it that she did not owe the subject debt, when its collectors did not identify

23  themselves or the fact that they were debt collectors, and when it engaged in other unfair

24  conduct.

25

## COUNT VII
## DEFENDANT VIOLATED § 1692f(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

41.     Section 1692f(1) of the FDCPA prohibits the collection of any amount unless such amount is expressly authorized or permitted by law.

42.     Defendant violated § 1692f(1) of the FDCPA when it attempted to collect a debt from Plaintiff that was actually the debt or another, and as such, was not permitted by law.

## COUNT VIII
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

43.     Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

44.     Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

45.     Despite the fact that Plaintiff never consented to Defendant making calls to her home telephone, Defendant repeatedly placed non-emergency calls to Plaintiff's telephone without Plaintiff's consent.

46.     The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

7

47.     Here, upon *information and belief,* Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff's telephone, using a pre-recorded or artificial voice in violation of 47 U.S.C. Section 227(b)(1)(B).

48.     Upon information and belief, Defendant called Plaintiff on her home telephone dozens of times.

49.     Defendant did not have Plaintiff's express consent prior to contacting her on her telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

50.     Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a home telephone service.

WHEREFORE, Plaintiff, YVONNE M. JENKINS-MILES, respectfully prays for a judgment as follows:

 a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

 b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

 c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

 d. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and

 e. Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, YVONNE M. JENKINS-MILES, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 03/15/13

KIMMEL & SILVERMAN, P.C.

By:_____
CRAIG THOR KIMMEL
Attorney ID # 2790038
Kimmel & Silverman, P.C.
1001 Avenue of the Americas
12th Floor
New York, NY 10018
Phone: (212) 719-7543
Fax:  (877) 617-2515
Email: kimmel@creditlaw.com

9

PLAINTIFF'S COMPLAINT